[No. 6257.]

## The People ex rel. the Town of Wray v. Grant et al.

1. **Evidence—Admission of Matter of Law—**It is not competent to establish the law by an admission, e. g., the due publication of a municipal ordinance, which, until published, is without effect. The party making such admission is not concluded thereby.—(158, 159)

2. **Municipal Ordinance—When in Force—**The statute (Mills' Stats., § 4443, Rev. Stats., § 6673) that ordinances shall not take effect until the expiration of five days after a publication implies that after the expiration of this period they are in force.—(157)

3. **Passage—Record of Those Voting—**It seems that in order to the effectual passage of an ordinance the names of those voting must be entered upon the record.—(158)

4. **——Publication—**Under a charter provision requiring the publication of all by-laws of a general nature, and those imposing any fine, etc., and providing that "it shall be a sufficient offense to any prosecution for any such fine that no such publication was made" (Mills' Stats., § 4443, Rev. Stats., § 6673), a publication before the adoption of the ordinance is without effect.—(159)

5. **Statutes Construed—**A statute providing for the publication of an ordinance by the city council of the city, before it can be adopted ·(Laws 1901, c. 108, Rev. Stats., § 6674) has no application to towns.—(160)

*Error to Yuma County Court*—Hon. J. S. Hendrie, Judge.

Mr. W. G. Smith, for plaintiff in error.

Mr. Quitman Brown, for defendants in error.

Mr. Justice Campbell delivered the opinion of the court:

In several proceedings against different defendants for the violation of a town ordinance of the town ·of Wray, the county court discharged them. The town has filed 'separate appeals from these judgments, which have been consolidated for hearing in this court. The case was tried before the court without a jury upon an agreed statement of facts, from

which it appears that defendants admitted the viola-
tion of the ordinance as charged in the complaints,
but contended below, as here, that the ordinance in
question was not enforcible, because no publication
thereof had been made as the statute requires.    The
governing statute is sec. 4443, 2 Mills' Ann. Stats.,
§ 6673, Rev. Stats. 1908, which reads: "All ordi-
nances shall, as soon as may be after their passage,
be recorded in a book kept for that purpose, and be
authenticated by the signature of the presiding officer
of the council or board of trustees and the clerk, and
all by-laws of a general or permanent nature, and
those imposing any fine, penalty, or forfeiture, shall
be published in some newspaper published within the
limits of the corporation, or if there be none such,
then in some newspaper of general circulation in the
municipal corporation, and it shall be deemed a suf-
ficient defense to any suit or prosecution for such
fine, penalty, or forfeiture to show that no such publi-
cation was made." The same section provides for a
posting instead of publication, in a certain contin-
gency, and says that "such by-laws and ordinances
shall not take effect and be in force until the expira-
tion of five days after they have been so published or
posted." This, of course, implies that after the
expiration of five days from the time of publication
or posting they shall be in force.    The book of ordi-
nances provided for by the statute is made *prima
facie* evidence that the ordinances have been pub-
lished as provided by law.    To overcome the *prima
facie* case thus made, defendants rely on the records
of the city council, which, by stipulation, are repro-
duced here and show the following state of facts:
At a regular meeting of the city council on July 24,
1906, the ordinance in question was introduced and
read and placed upon the calendar for a second read-
ing.    An adjournment of this meeting was had until

July 31st, at which meeting the ordinance was taken up and passed on second reading, but the record is silent as to what the vote upon it was, and the names of the members voting for it are not entered in the minutes. It was at this meeting ordered published. An adjournment was had until August 7th, and again until August 14th, and at the meeting of August 14th the ordinance was taken up on third reading and unanimously adopted. It was afterwards and within a reasonable time recorded in the ordinance book. In pursuance of the vote of the city council at the meeting held on July 31st, the ordinance was published in the proper newspaper, in the issue of August 3d, eleven days in advance of its approval by the council on August 14th, and it is admitted this was the only publication of the ordinance.

The sole question for decision upon this record of the council is whether publication of the ordinance in advance of its adoption by the city council is in accordance with the statute. It will be observed that the statute hereinabove quoted makes it a sufficient defense in an action to enforce an ordinance to show that no such publication was made. The city attorney first contends that the defendants, by their stipulation, are estopped to deny that the ordinance was not properly published, because they admit that they violated it as charged in the complaint. The stipulation also sets forth how, and when, the ordinance was published, and it is evident that in admitting the act, which would have been a violation of the ordinance if the same was valid, defendants' intention was to rely upon its invalidity because of the lack of proper publication. Besides, while a defendant may, by failing to make the proper objection at the proper time, lose his right to insist upon the invalidity of an ordinance, still it is not within the power of the parties, by stipulation, to say whether

or not an ordinance is valid or invalid, any more than it is within their power to make such stipulation with respect to the validity of a statute. Defendants therefore are not precluded from raising, at this time, the invalidity of the ordinance.

Whether the phrase "as soon as may be after their passage" applies not only to the recording of ordinances but also to their publication, we do not decide. There may be some doubt about this, but if not so applicable, such publication must be after, not before, the passage, if effect is given to the further provision in the section that ordinances become effective, if in other particulars they are valid, upon the expiration of five days after they have been published. If the statutory requirement is met by publication, as in this case, eleven days before the ordinance was adopted, then, according to the argument of the city attorney, it was effective six days before it was passed by the city council. It is difficult to see how the mere publication of a proposed ordinance is effective before it is passed by the city council. Construing the section in its entirety, we are of opinion that an ordinance is not effective until five days after its publication, or posting, which must be made after, and not before, its adoption by the city council. As no publication of this ordinance has ever been made since it was passed by the city council, it is not enforcible.

The city attorney calls to our attention § 4443a, 3 Mills' Rev. Sup., § 6674, Rev. Stats. 1908, which requires publication of a proposed ordinance by any city council of a city before it can be adopted or passed, to show that it was not deemed essential by our general assembly to the validity of an ordinance that it be published after its adoption, since the object of publication is to inform the inhabitants of the city of the regulations to which they shall be

subjected, which is as well accomplished by publication before, as after, their adoption. Whether this section does away with the publication of ordinances after their passage, we need not say, for by its terms it applies only to ordinances of a city, and not to a town, and the city attorney does not claim that it is applicable to the case in hand. He cites it only to the proposition that the object of publication is accomplished by publishing before, as well as after the adoption of an ordinance, and as sec. 4443, applicable to towns, is silent, as he claims, as to the time when publication is to be made, the board of trustees of the town have the power by resolution, as was done in this case, to have publication made before final action upon an ordinance is taken. We are unable to agree with counsel's contention, for the reasons above given.

The authorities cited by counsel to the proposition that the directions of the statute concerning publication are directory merely and not mandatory, are not in point. Our statute expressly provides that "such by-laws and ordinance shall not take effect and be in force until the expiration of five days after they have been so published or posted." Publication or posting is, therefore, an essential condition precedent to their validity. The judgment of the county court being in harmony with our view, it is affirmed.                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.